UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                    :

          -v-                               :

CARL KRUGER,                                :        S1 11 Cr. 300 (JSR)
RICHARD LIPSKY,
AARON MALINSKY,                             :
MICHAEL TURANO,
SOLOMON KALISH,                             :
DAVID ROSEN,
ROBERT AQUINO, and
WILLIAM BOYLAND, JR.,                       :

                                            :

               Defendants.

                                            :

- - - - - - - - - - - - - - - - - - -x


### THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT DAVID ROSEN'S MOTION FOR A SPEEDY TRIAL

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              One St. Andrew's Plaza
                              New York, New York 10007

Glen McGorty,
William Harrington, and
Michael Bosworth,
Assistant United States Attorneys
     -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA       :

      -v-                :

CARL KRUGER,              :    S1 11 Cr. 300 (JSR)
RICHARD LIPSKY,
AARON MALINSKY,           :
MICHAEL TURANO,
SOLOMON KALISH,           :
DAVID ROSEN,
ROBERT AQUINO, and
WILLIAM BOYLAND, JR.,     :

                       :

         Defendants.

                       :

- - - - - - - - - - - - - - - - - - -x

     The Government respectfully submits this memorandum in response to defendant David Rosen's motion for a speedy trial.

     The Government, of course, recognizes and supports Rosen's right to a speedy trial consistent with the Sixth Amendment and the Speedy Trial Act ("Act").  In anticipation of tomorrow's conference, when the Court will have the opportunity to learn the views of other defense counsel regarding these matters, the Government respectfully requests that the Court consider the following:

     <u>First</u>, contrary to Rosen's claim, he is not entitled to a trial "no later than 70 days from the arraignment" on the Superseding Indictment filed against him and seven other defendants last Thursday, April 7, 2011.  While the Act certainly

-1-

provides for a trial within 70 days, the Act also "contemplates the exclusion of certain periods of delay ... from the calculation." *United States v. Oberoi*, 547 F.3d 436, 443 (2d Cir. 2008). Some of the exclusions of time contemplated by the Act -- for example, an exclusion for "the delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" -- are automatic. *See* 18 U.S.C. § 3161(h)(1)(D).

Second, the indictment in which Rosen is named now includes seven other defendants, as well. Because the Act "imposes a unitary time clock on all co-defendants joined for trial," *United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir.1990), any "reasonable period of delay" excluded for one of Rosen's co-defendants is automatically excluded for Rosen, as well. Indeed, the Act expressly provides for the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Here, no severance motion has been filed by Rosen (or any other defendant), let alone been granted.

Third and finally, the Government notes that the discovery in this case is voluminous. It includes approximately 30,000 intercepted calls and over 100,000 pages of documents. The Government, in the interest of expediting this case, is prepared

to produce the lion's share of discovery this week (all wiretap and search warrant applications, all recordings, all linesheets, defendants' statements, and bank records, among other documents). The Government will continue to produce, on a rolling basis, the additional material it expects to receive.  The Government will also propose to the Court, with the consent of all defense counsel, a protective order regarding the discovery produced in this case.

In light of all the above, the Government anticipates that at tomorrow's conference the Government will ask the Court to exclude time to allow the parties to begin reviewing the voluminous discovery in this case and to file any pre-trial motions, including any motions for severance, on whatever schedule the Court deems appropriate.

Dated:      New York, New York
            April 11, 2011

                                Respectfully submitted,

                                PREET BHARARA
                                United States Attorney
                                Southern District of New York

                                Glen McGorty, William Harrington,
                                Michael Bosworth
                                Assistant United States Attorneys
                                Tel.: (212) 637-2505/2331/1079

cc:  All Defense Counsel (via ECF)

-3-